Mark **RICHARDS,** M.D., Plaintiff,

v.

Donna **ENGELBERGER,** Defendant and Third Party Plaintiff,

v.

BEST LIFE ASSURANCE COMPANY OF CALIFORNIA, Third Party Defendant.

Civ. No. AW 94–1141.

United States District Court, D. Maryland, Southern Division.

Oct. 31, 1994.

No appearance for Mark Richards.

David C. Woll, of Woll and Woll, Rockville, MD, for Donna Engelberger.

Bryan D. Bolton, of Shapiro and Olander, Baltimore, MD, for Best Life Assur. Co.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

This action was commenced by Mark E. Richards, M.D., against Donna Engelberger (hereinafter "Ms. Engelberger") to recover the cost of services he provided in performing a bilateral mammoplasty reduction (hereinafter "breast reduction") on Ms. Engelberger. Ms. Engelberger filed a third party claim against Best Life Assurance Company of California (hereinafter "Best Life") seeking damages under a breach of contract theory for Best Life's alleged wrongful denial of benefits under the terms of Ms. Engelberger's Employee Benefit Plan (hereinafter "Plan") with Best Life. Alternatively, Ms. Engelberger seeks damages under the doctrine of Promissory Estoppel.

Presently pending before this Court is Best Life's motion for summary judgment. Ms. Engelberger opposes the motion arguing that under the terms of the Plan she was entitled to payment and that the terms of the Plan are ambiguous. This Court has reviewed the parties' respective memoranda and exhibits attached thereto. No hearing is deemed necessary. Local Rule 105(6) (D.Md.1992). For the reasons set forth be-

low, this Court will grant Best Life's motion for summary judgment.

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corporation v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (citation omitted). As such, this Court "ha[s] an affirmative obligation ... to prevent factually unsupported claims and defenses from proceeding to trial." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

In order for Best Life to succeed on its motion for summary judgment, it must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If Best Life succeeds in showing the absence of a genuine issue as to any material fact, Ms. Engelberger must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., LTD v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

This Court has reviewed the parties' respective memoranda and exhibits attached thereto. All facts and reasonable inferences drawn therefrom will be construed in a light most favorable to Ms. Engelberger. *Matsushita Electric Industrial Co., LTD v. Zenith Radio Corporation*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## I. *Facts*

On September 1, 1992, Ms. Engelberger became covered under a group life, accidental death, and comprehensive major medical insurance policy—the Plan—issued by Best Life. Shortly thereafter, on September 18, 1992, Ms. Engelberger had her annual physical examination with Dr. Hanjura. Ms. Engelberger, who had been experiencing shoulder, upper back and neck pain as a result of the large size of her breasts, expressed a desire to have a breast reduction. Dr. Hanjura referred Ms. Engelberger to Dr. Mark E. Richards, who was of the opinion that the breast reduction was "more than warranted." Dr. Richards obtained utilization review certification for the breast reduction[1] and on November 17, 1992, he performed the breast reduction surgery.

In early February, 1993, Best Life received a completed claim from Ms. Engelberger. On March 2, 1993, Best Life denied Ms. Engelberger's claim, stating that the Plan did not cover breast reduction. Dr. Richards subsequently filed an action against Ms. Engelberger in state court seeking payment for the services he provided. On May 2, 1994, Ms. Engelberger filed a third-party complaint against Best Life. On the same day, Best Life filed a "Notice of Removal" in the District Court for Montgomery County, Maryland. The matter was subsequently transferred to this Court.

## II. *Discussion*

The relevant portions of the Plan read:

### PART 3—PROVISIONS DESCRIBING THE BENEFITS

### COMPREHENSIVE MAJOR MEDICAL BENEFITS

*Eligible Medical Expenses:* We will pay for the following items of expense furnished in connection with the treatment of an injury or sickness. Expenses must be necessary, reasonable and customary and incurred while You or Your dependent are covered under this Policy. Payments are subject to *Individual Deductible, Percentage Payable, Benefit Maximums* and *Eligible Expense Limits* shown in the Schedule and the *Pre-existing Conditions* and *General Limitation....*

(7) Physician services for (a) surgical procedures, (b) x-ray and radium treatments with other radioactive substances,

---

1. At the very top of the form is the following language:
   "THIS CONSTITUTES A MEDICAL DECISION ONLY: IT IS NOT A CONFIRMATION OF BENEFITS. CONTACT THE BENEFIT PAYOR FOR AN EXPLANATION OF COVERAGE."
   (Paper No. 12, Exhibit 4) (emphasis in original).

and (c) the administration of anesthetics; . . .

GENERAL LIMITATION

No payments will be made for:

(7) cosmetic surgery . . .

(21) breast enlargements or reductions . . .

(Paper No. 12, Exhibit 1 at pp. 13, 14, 18, 20) (emphasis in original). Ms. Engelberger argues that the limitation for breast reductions only applies to cosmetic surgeries. In support of her argument, Ms. Engelberger contends that since she suffered "disabling back, neck and shoulder" pain, her breast reduction was a "medically necessary therapeutic treatment of an illness or disease." (Paper No. 13 at p. 4). Ms. Engelberger contends that any reading of the Plan that excludes all breast reductions regardless of the circumstances would cause a conflict since the Plan explicitly includes surgical treatment for an underlying illness or condition. *Id.*

Ms. Engelberger's argument is without merit. It is clear that "General Limitation" 26 on page 20 of the Plan clearly provided that "[n]o payments will be made for . . . breast . . . reductions." It is further clear that the "necessary medical expenses" provision upon which Ms. Engelberger relies is subject to all of the general limitations, including the one here in question. Moreover, Ms. Engelberger's interpretation of the Plan's language would render redundant General Limitation 7 on page 19 of the Plan prohibiting payments for "cosmetic surgery." This would violate general principles of contract law that are applicable here. *See Glocker v. W.R. Grace & Co.,* 974 F.2d 540, 544 (4th Cir.1992).

Since the language of the Plan is not ambiguous, Ms. Engelberger's estoppel claim likewise fails (assuming that it would otherwise be cognizable). *See, e.g., Greany v. Western Farm Bureau Life Ins. Co.,* 973 F.2d 812 (9th Cir.1992); *Novak v. Irwin Yacht & Marine Corp.,* 986 F.2d 468, 472 (11th Cir.1993). Ms. Engelberger has not presented a genuine issue as to any material fact that warrants a trial. Accordingly, the Court will grant Best Life's motion for summary judgment. It will be so ordered.

**ORDER**

For the reasons set forth in the attached Memorandum Opinion, IT IS this 28th day of October, 1994, by the United States District Court for the District of Maryland, Southern Division, ORDERED:

1. That Best Life's Motion for Summary Judgment BE, and the same hereby IS, GRANTED.

2. That the Clerk of the Court enter judgment in favor of Best Life Assurance Company of California on the Third Party Plaintiff Donna Engelberger's claim.

**ORDER**

This case was removed from the District Court of Maryland for Montgomery County to the Circuit Court of Maryland for Montgomery County based on Third Party Defendant's request for a jury trial. Third Party Plaintiff then moved that the matter be transferred to this Court based on Third Party Plaintiff's claims pursuant to the Employee Retirement Income Security Act of 1974. Having granted Third Party Defendant's Motion for Summary Judgment by Order dated October 28, 1994, IT IS this 28th day of October, 1994, by the United States District Court for the District of Maryland, Southern Division, ORDERED:

1. That these proceedings BE, and the same hereby IS, REMANDED to the Circuit Court for Montgomery County, Maryland.

2. That the Clerk of the Court mail a certified copy of this Order of Remand to the Clerk of Court for the Circuit Court for Montgomery County, Maryland.